IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID MATTHEW LAYTON, | § | |
| Petitioner, | § | |
| v. | § | 2:11-CV-139 |
| RICK THALER, Director, Texas Dep't of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On June 17, 2011, petitioner, DAVID MATTHEW LAYTON, a state prisoner confined in the Stiles Unit in Jefferson County, Texas filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner's pleadings, along with the Offender Information Database maintained by the Texas Department of Criminal Justice, indicate petitioner is serving a life sentence for one conviction of aggravated sexual assault of a child and two convictions of aggravated kidnapping. All three convictions were imposed in 1996 in the 251st District Court of Potter County, Texas. Petitioner does not, however, challenge these convictions in the instant habeas corpus petition. Instead, he challenges a 1981 conviction for escape out of the 84th District Court of Ochiltree County, Texas. Upon his plea of guilty, petitioner received a sentence of forty-two months for the offense. Petitioner acknowledges the sentence has been discharged, but contends it was later used to enhance the sentences he currently serves. For the reasons discussed below, the undersigned recommends the petition be DISMISSED.

# I.
## PETITIONER'S ALLEGATIONS

In his petition, petitioner appears to contend the State of Texas is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's Due Process rights were violated because the information failed to adequately describe the offense petitioner was alleged to have committed.

2. Petitioner was denied "due course of law" because the information failed to adequately describe the offense petitioner was alleged to have committed.

3. Petitioner received ineffective assistance of counsel because his court-appointed attorney allowed the conviction to occur.

# II.
## THE COURT LACKS SUBJECT MATTER JURISDICTION

Initially, it appears the Court does not have subject matter jurisdiction in this case because petitioner has already served the sentence on the conviction he now attacks. The pertinent habeas corpus statute mandates a petitioner must be "in custody" pursuant to the conviction challenged in a habeas corpus petition. 28 U.S.C. § 2254(a). Generally, a petitioner cannot use federal habeas corpus to challenge a conviction for which he has already served the sentence simply because the conviction was later used to enhance the sentence he is serving at the time he filed the federal petition. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001). The reasoning is that a petitioner who failed to diligently and timely challenge deficiencies in the expired conviction should not be allowed a second opportunity to challenge that conviction. *See id.*, 121 S.Ct. at 1573. The main exception to this rule is a petitioner can attack an expired conviction in federal habeas corpus if the conviction was used to enhance his current punishment and if the petition "can be read as a challenge to the current conviction." *Godfrey v. Dretke*, 396 F.3d 681, 684 (5th Cir. 2005).

In the instant case, petitioner states his current punishment for two counts of aggravated kidnapping and one count aggravated sexual assault of a child was enhanced by the challenged 1983 escape conviction. Aggravated kidnapping is a first-degree felony. Tex. Pen. Code Ann. § 20.04(c) (Vernon 2003). Aggravated sexual assault of a child if also a first-degree felony. *Id.* § 22.021(e). Punishment for a first-degree felony conviction is five years to life. *Id.* § 12.32(a). Petitioner has not shown how his two aggravated kidnapping and one aggravated sexual assault of a child convictions (each one of which would have carried possible punishment of life) were enhanced by the 1983 escape conviction. Petitioner has failed to show a "positive and demonstrable nexus" between his current custody and the conviction he challenges in the instant petition. *See Willis v. Collins*, 989 F.2d 187, 188 (5th Cir. 1993).

Moreover, even if petitioner had shown his current sentence was enhanced by the 1983 escape conviction, the Court still lacks subject matter jurisdiction over the pleadings. Petitioner is not in custody pursuant to the challenged conviction. In fact, service of that conviction would have expired over twenty years ago. Importantly, the focus of the instant petition is not to challenge petitioner's current convictions. *See Godfrey*, 396 F.3d at 684. Rather, the instant petition is a direct challenge to a conviction that became final thirty years ago. This Court does not have the subject matter jurisdiction to address such a challenge. *See id.*

### III.
### THE PETITION IS NOT TIMELY FILED

*A. Time Limitations*

Even if petitioner were somehow suffering the consequences of the 1981 escape conviction, any direct challenge to that conviction is time barred.

Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The pertinent provision of that statute states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Initially, petitioner avers that because the 1981 conviction for escape occurred before the enactment of the AEDPA, the AEDPA's provisions do not apply to his case. Petitioner's understanding of the AEDPA's application is incorrect. Any federal habeas corpus petition *filed* after the AEDPA's April 24, 1996 effective date is governed by the AEDPA's provisions. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999).

When the AEDPA's provisions were initially applied, there were some concerns about retroactively applying the statute. To address these concerns, the Fifth Circuit held "habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Flanagan*, 154 F.3d at 200; *Fields v. Johnson*, 159 F.3d 914, 915 (5th Cir. 1998). Specifically, the Fifth Circuit established a habeas corpus petitioner would have a one-year grace period, until April 24, 1997, in which to file his habeas corpus petition, even

if the petition would have been time barred by the one-year AEDPA limitations period. *Flanagan*, 154 F.3d at 202.

### B. The Time Line in Petitioner's Case

According to the habeas corpus petition, the date of judgment in petitioner's escape case was April 24, 1981. Petitioner did not directly appeal his conviction. Therefore, that conviction became final thirty days after the entry of judgment, which was May 24, 1981. *See* Tex. R. App. P. 26.2(a)(1). Under the current provisions of the AEDPA, with which this case must comply, petitioner's federal habeas corpus petition was due on May 24, 1982. 28 U.S.C. § 2254(d)(1). In light of *Flanagan*, however, a petition solely challenging that conviction would have been considered timely if it were filed before April 24, 1997. *See Flanagan*, 154 F.3d at 202. The instant petition was not filed, however, until June 17, 2011. The instant petition is time barred by over fourteen years, and equitable tolling does not appear to be warranted. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

### IV.
### ANY CHALLENGE TO THE CURRENT CONFINEMENT IS SUCCESSIVE

Finally, if petitioner had properly challenged the impact of the 1981 escape conviction on the sentences he currently serves, his application would be successive. In cause number 2:98-CV-132, filed in this Court, petitioner challenged the aggravated sexual assault and aggravated kidnapping convictions for which he is currently incarcerated. On September 28, 2001, the District Court issued Judgment in that case denying the habeas corpus petition. The Fifth Circuit subsequently denied a Certificate of Appealability. Any challenges petitioner had to the sentences handed down for the aggravated sexual assault of a child and aggravated kidnapping convictions should have been raised when petitioner first challenged those convictions. *See* 28 U.S.C. § 2244(b)(1) (prohibiting successive habeas corpus petitions challenging convictions that have already

been challenged in a prior federal petition). If the intent of the instant petition was to challenge petitioner's current confinement by use of an expired conviction, the petition is successive and should be dismissed on such grounds. *See id.* ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed").

## V.
## RECOMMENDATION

it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner DAVID MATTHEW LAYTON be DISMISSED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of July, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).